**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| LUZ OMAR MEDINA VEGA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>*Plaintiffs*,<br><br>v.<br><br>PBS CONSTRUCTION LLC AND BOGDAN S PRINDI<br><br>*Defendants*. | Case No. __23-cv-00940__<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

**COMPLAINT AT LAW**

Plaintiff, Luz Omar Medina Vega ("Plaintiff" or "Medina), individually and on behalf of all others similarly situated, by and through their attorneys, Daniel I. Schlade, complain against PBS Construction LLC and ("Defendant" or "PBS") and Bogdan S Prindi ("Defendant" or "Prindi"). PBS and Prindi may collectively be referred to as Defendants. In support of this Complaint, Plaintiff states:

**INTRODUCTION**

1. Plaintiff and the employees seeks to recover unpaid wages and other damages owed under the Fair Labor Standards Act (FLSA) Act, as a 29 U.S.C. § 216(b) collective action. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related Florida state law claims, for Defendant's failure to pay overtime and minimum wages owed.

2. Plaintiff and the employees seeks to represent current and former employees of Defendants who worked within the past three (3) years. Defendants knowingly, deliberately, and voluntarily

failed to pay their employees for all hours worked over forty (40) in a workweek at the federal and state mandated overtime rate.

## PARTIES

3. Plaintiff is a resident of Orlando, Florida; and was employed by Defendants.

4. The proposed Collective Members are current and former Florida employees of Defendants who were paid straight time and not paid overtime at the statutory rate directed by the FLSA.

5. PBS Construction LLC is a business that is located, headquartered, and conducts business in Orlando, Florida.

6. Bogdan S Prindi is the Owner and Manager of PBS, and they are in charge of its employees. On information and belief, Prindi is a resident of Orlando, Florida.

7. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three (3) employees.

## JURISDICTION AND VENUE

8. The Court possesses subject matter jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).

9. Venue is proper in the Middle District of Florida because all underlying facts and transactions occurred in or about Orlando, Florida.

## FACTS COMMON TO ALL CLAIMS

10. PBS is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity.

11.  Prindi is an "employer" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "boss" at PBS; (2) they had the power to hire and fire the employees, including Plaintiff; (3) they supervised and controlled Plaintiff's work schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

12.  At all relevant times, Plaintiff and the Collective Members were "employees" of the Defendants as defined by 29 U.S.C. § 203(e).

13.  At all relevant times, Defendants were and are an "employer" of Plaintiff and Class Members as defined by 29 U.S.C. § 203(d).

14.  At all times relevant herein, Plaintiff was an employee of Defendants. During his Employment with Defendants, Plaintiff regularly worked hours in excess of forty (40) hours per week without receiving overtime compensation as required by federal law.

15.  Plaintiff and all other similarly situated employees were subject to a compensation policy instituted by the Defendants which, by its terms, did not legally compensate them for all hours worked at the federally mandated overtime rate.

16.  Defendants paid Plaintiff his hourly rate (i.e., "straight time") for each work hour he recorded in the company's timekeeping system, including his overtime hours.

17.  Defendants paid all similarly situated employees in the same manner.

18.  By engaging in this pay practice, Defendants deprived employees of their right under the FLSA to receive time-and-a-half pay for their overtime hours.

19.  Defendants owe Plaintiff .5 times his regular rate of pay for each recorded overtime hour he worked each week during the relevant time period, plus liquidated damages in the same amount.

20.  Plaintiff is also entitled to an award for all reasonable attorneys' fees and costs associated with prosecuting this lawsuit.

21. Defendants' method of paying Plaintiff and all similarly situated employees in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the law.

22. Defendants knew the requirement to pay overtime to their employees, but they intentionally and/or recklessly chose not to do so. Accordingly, Defendants' violations of the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff brings this complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all current and former Florida employees who were paid straight time instead of time-and-a-half for recorded overtime hours (hours over 40 in each workweek) within three (3) years from the commencement of this action up to the present.

24. Pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), this complaint may be brought as an "opt-in" collective action for all claims asserted by Plaintiff because his claims are similar to the claims of the putative plaintiffs of the representative action.

25. Plaintiff is similarly situated to the putative Plaintiffs with regards to his job duties. They were subject to Defendants' common practice, policy, or plan of refusing to pay employees overtime in violation the FLSA. Plaintiff and the putative plaintiffs were victims of a common policy or plan that violated the law.

26. The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to these individuals via First Class Mail, email, and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

## **FIRST CLAIM FOR RELIEF**

**Failure to Pay Overtime Wages to Plaintiff In Violation of the FLSA**

27. Plaintiff reincorporates by reference Paragraphs 1 through 26, as if set forth in full herein for Paragraph 27.

28. Plaintiff began working at Defendants in March 2021 through December 22, 2021.

29. At all times, Plaintiff held the same position with Defendants, where he was laborer.

30. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform construction duties, clean sites, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

31. Plaintiff was paid their wages on a weekly basis.

32. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of his performance.

33. Plaintiff's rate of pay was $23.00 per hour.

34. Plaintiff worked overtime (i.e., more than 40 hours per week) for Defendants every week during the relevant time period. Plaintiff worked, at a minimum, 11 hours daily shifts, six days a week.

35. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 65 hours per week.

36. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

37. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

38. In addition to the overtime wages, Defendants owe Plaintiff $1,500.00 in unpaid wages.

39. Plaintiff is entitled to recover unpaid wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $12,075.00 in unpaid wages; (ii) liquidated damages of $12,075.00; (iii) unpaid owed wages of $1,500.00 and (iv) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

## SECOND CLAIM FOR RELIEF
### Violation of the Fair Labor Standards Act Overtime
### (Collective Action)

40. Plaintiff incorporates the preceding paragraphs by reference.

41. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for their failure to pay Plaintiff and the members of the Collective all their earned overtime pay for the time worked in excess of 40 hours in individual workweeks.

42. For all the time worked in excess of 40 hours in individual workweeks, Plaintiff and the Collective members were entitled to be paid one and one-half times their regular rates of pay.

43. Defendants violated the FLSA by failing to compensate Plaintiff and the Collective members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

44. Defendants' failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

45. Plaintiff will seek to certify the SECOND CLAIM FOR RELIEF, violation of the overtime provisions of the FLSA, as a collective action and asks the Court to determine the rights of the class pursuant to the FLSA, determine any damages due, and to direct Defendants to account for all back wages, penalties and prejudgment interest thereon due to Plaintiff and the employees he represents.

**WHEREFORE,** Plaintiff Luz Omar Medina Vega respectfully, on behalf of himself and the proposed Collective members, prays for relief as follows:

A. With Respect to the FLSA violation:

1) A declaration that Defendants violated the FLSA;

2) An award for Defendant's violations of the FLSA in the amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $12,075.00.

3) An award of liquidated damages for Defendant's willful violations of the FLSA in an amount equal to at least $12,075.00;

4) A judgment in the amount of $1,500.00 of the unpaid wages owed to Plaintiff.

5) Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issue of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue;

6) An award reasonable attorneys' fees and costs; and

7) Any such additional or alternative relief as this Court deems just and proper.

B. With Respect to the Collective, Plaintiff prays as follows:

1) Certification of this action as a Collective Action;

2) Designate Plaintiff, Luz Omar Medina Vega, as collective representative;

3) Designation of the undersigned counsel as class counsel; and

4) Entrance of a declaratory judgment that the actions complained of herein are unlawful.

/s/ Daniel I. Schlade
**Justicia Laboral LLC**
**Daniel I. Schlade**
Florida Bar No. 1034991
*Attorneys for Plaintiffs*
6232 N. Pulaski Road, Suite 300
Chicago, IL 60646
P: 773-415-4898
E: dschlade@justicialaboral.com

**PLAINTIFF DEMANDS TRIAL BY JURY**