UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUZ OMAR MEDINA VEGA,

      Plaintiff,

v.                                          Case No: 6:23-cv-940-PGB-EJK

PBS CONSTRUCTION LLC and
BOGDAN S. PRINDI,

      Defendants.

**OMNIBUS ORDER**

This cause comes before the Court on the following filings: Plaintiff's Motion for Leave to File Amended Complaint in Order to Effectuate Substitute Service (Doc. 18), filed September 1, 2023; Plaintiff's Motion for Leave to Serve Defendant PBS Construction LLC by Other Means (Doc. 19), filed September 1, 2023; and Plaintiff's Second Motion to Extend Period to Effectuate Service of Process (Doc. 20), filed September 9, 2023. The Motions are ripe for review.

**I.    BACKGROUND**

Plaintiff instituted this action against Defendants on May 19, 2023, alleging violations of the Fair Labor Standards Act due to Defendants' failure to pay overtime and minimum wages owed to Plaintiff. (Doc. 1 ¶ 1.) Thereafter, on June 6, 2023, Plaintiff attempted to serve Defendants at PBS Construction LLC's registered agent's address, but was unable to do so, and subsequently filed an affidavit of non-service for Defendants, indicating they no longer leased the premises per the leasing manager.

(Docs. 13, 14.) Defendant Bogdan S. Prindii (hereinafter "Prindii") is the registered agent of Defendant PBS Construction LLC.[1] On June 13, 2023, Prindii informed Plaintiff's counsel by telephone that he was out of the state and would return on July 9, 2023. (Doc. 18 at 2.) During this telephone conversation, Prindii provided counsel with his residential address. (*Id.*) Since July 15, 2023, Plaintiff's process server has been unsuccessful in multiple attempts to serve Defendants. (*Id.*) On July 27, 2023, Plaintiff's counsel again contacted Prindii via telephone to see if he would execute a waiver of service, but Prindii declined and informed Plaintiff that he had again left the state. (*Id.*)

Despite Prindii verbally declining a service waiver, on July 31, 2023, Plaintiff sent a waiver with a copy of the complaint, summonses, and cover letter via certified first-class mail with a return receipt to the address provided by Prindii. (*Id.* at 3.) On August 5, 2023, USPS confirmed delivery of the service waiver packet. (*Id.*) Additionally, on August 5, 2023, while attempting to personally serve Defendants, Plaintiff's process server made contact with an individual at Prindii's residential address. (Doc. 18-2 at 6.) The individual informed the process server that Prindii lived

---

[1] *Detail of Entity Name of PBS Construction LLC*, Division of Corporations, an official State of Florida website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PBSCONSTRUCTION%20L220002107590&aggregateId=flal-l22000210759-3d70d683-f0ef-4145-bf62-f1f841fcd1d0&searchTerm=PBS%20CONSTRUCTION%20LLC%20&listNameOrder=PBSCONSTRUCTION%20L220002107590. (last visited Oct. 12, 2023).

there but he did not know when he would see Prindii again since Prindii "was a long haul truck driver," and the individual was unwilling to accept service on Prindii's behalf. (*Id.*) Defendants never returned executed waivers of service, the time to do so has now passed, and Plaintiff, despite multiple attempts, has been unable to serve Defendants, leading Plaintiff to file the instant Motions.

## II.  STANDARD

In certain circumstances, substituted service of process may be effectuated upon a nonresident or a party who conceals his or her whereabouts. *EHR Aviation, Inc. v. Lawson*, No. 3:09-cv-210-J-32TEM, 2011 WL 46119, at *1 (M.D. Fla. January 6, 2011). Valid substituted service on the Secretary of State requires strict compliance with the statutory provisions for substituted service. *City of Jacksonville v. Arrigato, Inc.*, No. 3:10-cv-211-J-32MCR, 2010 WL 3069135, at *1 (M.D. Fla. August 4, 2010) (citing *George Fisher, Ltd. v. Plastiline, Inc.*, 379 So.2d 697, 699 (S.D. Fla. 1980)). "The courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed; and the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *Hughes v. American Tripoli, Inc.*, No. 2:04-cv-485-FtM-29DNF, 2007 WL 2071529, at *1–2 (M.D. Fla. July 17, 2007) (citing *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So.2d 58, 61 (Fla. 4th DCA 1976) (citations omitted)).

On June 15, 2022, the Florida Legislature passed S.B. 1062, which reshaped the procedures for, and methods governing, service of process for actions pending in

Florida courts. *See* Fla. S.B. 1062, 2022 Fla. Laws ch. 2022-190 (enacted June 15, 2022) (effective January 2, 2023). The new legislation simplifies, clarifies, and modernizes the manner of service of process on business entities. (*Id.*)

### III. DISCUSSION

#### A. Motion for Leave to File Amended Complaint (Doc. 18)

In order for Plaintiff to substitute service of process upon Prindii by serving the Secretary of State pursuant to Florida Statutes §§ 48.181 and 48.161, Plaintiff seeks leave to amend his Complaint in order to plead that Defendant Prindii, as an individual Florida resident, is concealing his whereabouts. (Doc. 18 at 13–18.) The Motion is due to be granted in part, to the extent that Plaintiff seeks authority to serve the Secretary of State on behalf of Prindii, because the Court finds that Prindii is a Florida resident concealing his whereabouts. Plaintiff's request to seek leave to amend his Complaint is due to be denied for the reasons set forth below.

Section 48.181 states in pertinent part:

> Any individual . . . that conceals its whereabouts is deemed to have appointed the Secretary of State as its agent on whom all process may be served, in any action or proceeding against it . . . arising out of any transaction or operation connected with or incidental to any business or business venture carried on this state by such individual or business entity . . . . [s]ervice pursuant to this section must be effectuated in the manner prescribed by s. 48.161.

Fla. Stat. § 48.181(4), (6), *amended by* 2022 Fla. Laws ch. 2022-190, 14–15 (effective January 2, 2023).

Section 48.161 states in pertinent part:

> When an individual or a business entity conceals its whereabouts, the party seeking to effectuate service, after exercising due diligence to locate and effectuate personal service, may use substituted service [by Serving the Secretary of State] . . . in connection with any action in which the court has jurisdiction over such individual or business entity. . . . The party effectuating service is considered to have used due diligence if that party:
>
> (a) Made diligent inquiry and exerted an honest and conscientious effort appropriate to the circumstances to acquire the information necessary to effectuate personal service;
>
> (b) In seeking effectuate personal service, reasonably employed the knowledge at the party's command, including knowledge obtained pursuant to paragraph (a); and
>
> (c) Made an appropriate number of attempts to serve the party, taking into account the particular circumstances, during such times when and where such party is reasonably likely to be found, as determined through resources reasonably available to the party seeking to secure service of process.

Fla. Stat. § 48.161(3), (4)(a)–(c), *amended by* 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023).

Additionally, to effectuate proper substituted service of process on a Defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing them with a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending them a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within

40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. *Id.* at (1)–(2).

Here, in seeking leave to amend the Complaint, Plaintiff relies on an outdated version of Section 48.161 that courts have previously interpreted to require plaintiffs to "allege facts in the complaint that bring the defendant within the purview of the substitute service statute[.]" *See EHR Aviation, Inc. v. Lawson*, 3:09-CV-210-J-32TEM, 2011 WL 46119, at *1–2 (M.D. Fla. Jan. 6, 2011) (citing *Hernandez v. State Farm Mut. Auto. Ins. Co.*, 32 So.3d 695, 698 (Fla. 4th DCA 2010)). However, pursuant to the recently amended version of Section 48.161, "[t]he party effectuating service does not need to allege in its original or amended complaint the facts required to be set forth in the affidavit of compliance." Fla. Stat. § 48.161(2), *amended by* 2022 Fla. Laws ch. 2022-190, 5–6 (effective January 2, 2023). Since Plaintiff's Complaint was filed on May 9, 2023, the current version of Section 48.161 controls. Thus, Plaintiff will not be granted leave to amend the Complaint.

The Court will now determine whether Plaintiff has established that Prindii is concealing his whereabouts and that Plaintiff used due diligence to locate and effectuate personal service. Upon review, the Court finds that Prindii is concealing his whereabouts under Florida Statute § 48.181(4) because he obtained knowledge that Plaintiff's counsel was trying to serve him once counsel contacted him by telephone. (Doc. 18 at 8.) Despite Prindii's knowledge, he refused to waive service without

providing a valid reason. (*Id.*) He did not instruct the individual residing at his residential address that they could accept service on his behalf. (Doc. 18-2 at 5–6.) And Prindii was allegedly out of the state every time Plaintiff's process server subsequently attempted personal service, yet did not inform Plaintiff's counsel when he would be returning to Florida. (Doc. 18 at 7–9.)

Next, analyzing the due diligence factors, the Court finds that Plaintiff exercised due diligence to locate Prindii in an attempt to effectuate personal service. First, Plaintiff attempted service on both Defendants at the business's registered address. (Doc. 18 at 8.) When Plaintiff learned from his process server that Defendants were no longer located at the business's registered address, Plaintiff exerted further effort by locating Prindii's telephone number and contacting Prindii to obtain his residential address in order to perfect personal service. (*Id.*) For the second factor, Plaintiff reasonably employed the knowledge at his command by directing the process server to attempt service at Prindii's residential address, contacting Prindii to determine if he would waive service, and ultimately sending service waivers to Prindii's residential address. (*Id.*) Finally, for the third factor, Plaintiff made an appropriate number of attempts to serve Prindii at a place he was reasonably likely to be found by attempting personal service at PBS Construction LLC's registered business address on June 6, 2023—then once unsuccessful—Prindii's residential address on four separate occasions: July 15th, 19th, 26th, and August 5th. (Doc. 18-2 at 5–6.) Therefore, the Court finds that serving the Secretary of State on behalf of Prindii as an individual is

proper, pursuant to Florida Statutes §§ 48.181 and 48.161, because Prindii is a Florida resident concealing his whereabouts.

Since the Court finds that substituted service on the Secretary of State is proper for Prindii as an individual, the Court also finds—despite Plaintiff's failure to request it—that substituted service on the Secretary of State is proper for Prindii as the registered agent of Defendant PBS Construction LLC for the reasons set forth below.

Section 48.062 states in pertinent part:

> A domestic limited liability company . . . may be served with process required or authorized by law by service on its registered agent designated by the limited liability company under chapter 605. . . . If, after due diligence, the process cannot be completed [by serving the registered agent] . . . and if . . . [t]he only person listed publicly by the domestic limited liability company . . . on its annual report, as most recently amended, is also the registered agent on whom service was attempted . . . the service of process may be served as provided in s. 48.161 on the Secretary of State as an agent of the domestic limited liability company[.]

Fla. Stat. § 48.062(2), (4)(a), *amended by* 2022 Fla. Laws ch. 2022-190, 5–6 (effective January 2, 2023).

Here, Defendant PBS Construction LLC has never filed an annual report and Prindii is the only person authorized to act on behalf of the company.[2] Since the Court

---

[2] *See Detail of Entity Name of PBS Construction LLC*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty pe=EntityName&directionType=Initial&searchNameOrder=PBSCONSTRUCTIO N%20L220002107590&aggregateId=flal-l22000210759-3d70d683-f0ef-4145-bf62-

has already found that Plaintiff has diligently tried to serve Prindii as an individual, the Court also finds that Plaintiff has diligently tried to serve Prindii as a registered agent for the reasons stated above. Therefore, the Court finds that serving the Secretary of State on behalf of Prindii as the registered agent of PBS Construction LLC is proper pursuant to Florida Statutes §§ 48.062 and 48.161.

### B. Motion for Leave to Serve Defendant by Other Means (Doc. 19)

In this Motion, Plaintiff seeks leave to serve Defendant PBS Construction LLC by other means, including service by mail, certified mail, and text message pursuant to Florida Statute § 48.102. (Doc. 19 at 2.) Once Plaintiff follows the statutory requirements for substituting service on the Secretary of State on behalf of both Defendants, service of process is valid and does not require service by other means. Therefore, the Motion is due to be denied as moot in light of the Court's ruling on Plaintiff's Motion for Leave to File Amended Complaint in Order to Effectuate Substitute Service (Doc. 18.)

### C. Motion for Extension of Time to Effectuate Service (Doc. 20)

In this Motion, Plaintiff seeks an extension of time of 45 days to effectuate service of process on Defendants. (Doc. 20 at 5.) Considering the Court's ruling on Plaintiff's Motion for Leave to File Amended Complaint in Order to Effectuate

---

f1f841fcd1d0&searchTerm=PBS%20CONSTRUCTION%20LLC%20&listNameOrder=PBSCONSTRUCTION%20L220002107590. (last visited Oct. 12, 2023).

Substitute Service (Doc. 18), the Motion is due to be granted in part. Plaintiff shall have 30 days from the date of this Order to serve the Secretary of State and file proof of service on the Secretary of State. Since Prindii is concealing his whereabouts, "a return receipt or other proof showing acceptance of receipt of the notice of service and a copy of the process by the concealed party need not be filed." Fla. Stat. § 48.161(3), *amended by* 2022 Fla. Laws ch. 2022-190, 12–14 (effective January 2, 2023). Additionally, Plaintiff is reminded that, under the amended Florida Statute § 48.161(2), the affidavit of compliance must be filed within 40 days after the date of service on the Secretary of State.

## IV.     CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion for Leave to File Amended Complaint in Order to Effectuate Substitute Service (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff is granted authority to serve the Secretary of State on behalf of Defendants. Otherwise, the Motion is **DENIED.**

2. Plaintiff's Motion for Leave to Serve Defendant PBS Construction LLC by Other Means (Doc. 19) is **DENIED AS MOOT**.

3. Plaintiff's Second Motion to Extend Period to Effectuate Service of Process (Doc. 20) is **GRANTED IN PART**. Plaintiff is granted an extension until **November 16, 2023**, to serve the summonses and

Complaint on the Florida Secretary of State and to send the required notice to Defendants pursuant to Florida Statute § 48.161(2).

**DONE** and **ORDERED** in Orlando, Florida on October 16, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE