## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUZ OMAR MEDINA VEGA,**

        **Plaintiff,**

**v.**                                   **Case No: 6:23-cv-940-PGB-EJK**

**PBS CONSTRUCTION LLC and**
**BOGDAN S. PRINDII,**

        **Defendants.**

### ORDER

This cause comes before the Court on Plaintiff's Motion for Order of Default Pursuant to Federal Rule of Civil Procedure 55 (the "Motion"), filed December 1, 2023, against Defendants PBS Construction LLC and Bogdan S. Prindii. (Doc. 31.) For the reasons set forth below, the Motion is due to be granted.

## I.    BACKGROUND

Plaintiff instituted this action against Defendants on May 19, 2023, alleging violations of the Fair Labor Standards Act due to Defendants' failure to pay overtime and minimum wages owed to Plaintiff. (Doc. 1 ¶ 1.) On October 16, 2023, the Court found that serving the Secretary of State on behalf of Prindii as an individual was proper, pursuant to Florida Statutes §§ 48.181 and 48.161, because Prindii was a Florida resident concealing his whereabouts. (Doc. 23.) Additionally, the Court found that serving the Secretary of State on behalf of Prindii as the registered agent of PBS Construction LLC was proper pursuant to Florida Statutes §§ 48.062 and 48.161. (*Id.*)

On October 18, 2023, the Secretary of State, pursuant to Florida Statute § 48.161, accepted service on behalf of both Defendants. (Doc. 30 at 7–8.) Plaintiff now moves for order of default pursuant to Federal Rule of Civil Procedure 55. (Doc. 31.)

## II.   STANDARD

"[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

To effectuate proper substituted service of process on a Defendant concealing its whereabouts under section 48.161, a plaintiff must: (1) serve the Secretary of State by providing a copy of the summons and complaint; (2) pay the requisite fee to the Secretary of State; (3) provide Notice of service upon the Secretary of State to the defendant by sending a copy of the summons and the complaint by registered or certified mail; and (4) file an affidavit of compliance within 40 days after the date of service on the Secretary of State, or within additional time if the court allows, that establishes that substituted service is proper under the section and that due diligence was exercised in attempting to effectuate personal service on the party before using

substituted service. Fla. Stat. § 48.161(1)–(2), *amended by* 2022 Fla. Laws ch. 2022-190, 12–13 (effective January 2, 2023).

Based on the affidavit submitted by Plaintiff's counsel, Plaintiff has complied with the statutory requirements to effectuate proper substituted service of process because Plaintiff provided copies of the Complaint and Summons to the Secretary of State, and the Secretary of State accepted such process on October 18, 2023. (Doc. 30 at 7–8.) Plaintiff then provided a copy of the Complaint and Summons to Defendants by sending a copy to the home address of PBS Construction LLC's registered agent, Prindii, by first-class (*Id.* at 10) and certified mail. (*Id.* at 12–13.) Subsequently, Plaintiff timely filed an affidavit of compliance establishing that substituted service of process was proper as required by statute and that due diligence was exercised in attempting to effectuate personal service on the party before using substituted service. (*Id.* at 1–4.)

Therefore, the Defendants were properly served, in compliance with the Federal Rules of Civil Procedure and Florida law, and since more than 21 days have passed with no responsive pleading filed, default is appropriate.

## IV.    CONCLUSION

Accordingly, it is **ORDERED** that the Motion (Doc. 31.) is **GRANTED**. The Clerk is **DIRECTED** to enter a default against Defendants.

**DONE** and **ORDERED** in Orlando, Florida on March 5, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE