# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LUZ OMAR MEDINA VEGA,**

      **Plaintiff,**

v.                                  **Case No: 6:23-cv-940-PGB-EJK**

**PBS CONSTRUCTION LLC and
BOGDAN S. PRINDI,**

      **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion") (Doc. 34), filed March 22, 2024. Upon consideration, the Motion is due to be denied.

## I.  BACKGROUND[1]

This is an action about failure to pay overtime wages and unpaid wages under the Fair Labor Standards Act ("FLSA"), and related Florida state law claims for Defendants' failure to pay overtime and minimum wages owed. (Doc. 1 ¶ 1.) Plaintiff sued PBS Construction LLC ("PBS") and Bogdan S. Prindi ("Prindi") (collectively, "Defendants"), asserting that he was a non-exempt employee working as a construction worker at Defendants' construction site. (*Id.* ¶¶ 30–39.)

---

[1] On default, a defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

On October 16, 2023, this Court found that serving the Secretary of State on behalf of Prindi as an individual was proper, pursuant to Florida Statutes §§ 48.181 and 48.161, because Prindi was a Florida resident concealing his whereabouts. (Doc. 32 at 1.) This Court further found that serving the Secretary of State on behalf of Prindi as a registered agent of PBS was proper pursuant to Florida Statutes §§ 48.062 and 48.161. (*Id*.) On October 18, 2023, the Secretary of State accepted service on behalf of both Defendants pursuant to Florida Statute § 48.161. (Doc. 30 at 7–8.) Neither Defendant filed an Answer. Hence, after the undersigned granted Plaintiff's motion for a clerk's default, the clerk entered default against Defendants on March 6, 2024. (Doc. 33.) Plaintiff then filed the present Motion. (Doc. 34.)

## II.   STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court's entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (unpublished). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pleaded allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

## III. DISCUSSION

### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. "'Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Defendants because they operate and conduct business in Orange County, Florida. (Doc. 1 ¶¶ 5–6); Fla. Stat. § 48.193(1)(a)(1) ("Operating, conducting, engaging in, or carrying on a business" . . . in Florida subjects a person to jurisdiction of the courts.). Also, in the Order granting Plaintiff's Motion for Default, the undersigned concluded that service on the Defendants was effective under both the Federal Rules of Civil Procedure and Florida law. (Doc. 32.)

### B. Subject Matter Jurisdiction

Plaintiff alleges that there is federal question jurisdiction over his various claims brought pursuant to the FLSA. (Doc. 1 ¶ 8.) Federal question jurisdiction exists in civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). Here, federal question jurisdiction is apparent on the face of the Complaint. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because the claims are related to Plaintiff's FLSA claim such that they form part of the same case or controversy.

### C. Venue

Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is situated." Venue is appropriate in the Middle District of Florida, Orlando Division, because a substantial portion of the events giving rise to the claim at issue occurred in Orange County, Florida. (Doc. 1 ¶ 9); Local Rule 1.04(a) (stating that the Orlando Division encompasses Orange County).

### A. Entitlement to Default Judgment and Damages

#### 1. FLSA Claim

Plaintiff asserts one count of unpaid overtime wage compensation. (Doc. 1 ¶¶ 27–39.) The FLSA prohibits an employee from working more than 40 hours a week unless that employee is compensated at "a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(2). Any employer who violates the FLSA's overtime wage provisions is "liable to the employee . . . affected in the amount of . . . their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." *Id.* § 216(b).

The FLSA establishes overtime wage standards for employees who are "engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(b). "To trigger liability under the FLSA's overtime . . . wage provision[s], a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)), *report and*

*recommendation adopted*, 2019 WL 2929325 (M.D. Fla. July 8, 2019). "To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages." *Freeman v. Key Largo Volunteer Fire & Rescue Dep't, Inc.*, 494 F. App'x 940, 942 (11th Cir. 2012) (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)) (unpublished).

Plaintiff's allegations sufficiently demonstrate an employee-employer relationship between Plaintiff and Defendants. Plaintiff alleges employment by Defendants as a non-exempt hourly employee working as a construction worker from March 2021 through December 22, 2021. (Doc. 1 ¶¶ 28–32.)

Plaintiff, however, does not allege adequate facts to establish coverage. To meet the requirements of this element, "a plaintiff employee must establish one of two types of coverage under the [FLSA]: (1) 'enterprise coverage,' which applies to the defendant employer, or (2) 'individual coverage,' which applies to the plaintiff employee." *Gaviria v. Maldonado Brothers, Inc.*, No. 13-60321-CIV-ROSENBAUM/HUNT, 2014 WL 12531281, at *3 (S.D. Fla. Mar. 31, 2014) (citing *Martinez v. Palace*, 414 F. App'x 243, 244–45 (11th Cir. 2011) and *Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006)). An employer falls within the FLSA's enterprise coverage where:

> (1) it 'has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and (2) has an 'annual gross

> volume of sales made or business done . . . not less than $500,000.

*Id*. (quoting 29 U.S.C. § 203(s)(1)(A)).

Plaintiff alleges that PBS satisfies the enterprise coverage element. (Doc. 1 ¶ 7.) Prindi is PBS's owner and manager, and PBS is a construction business. (Doc. 1 ¶¶ 5–6; *id*. at 29–30.) Plaintiff alleges that PBS satisfies the enterprise coverage element because it is a construction business with three employees, it has an annual gross revenue that totaled $500,000 or more, and it was engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of the FLSA. (*Id*. ¶¶ 5-7.) This type of boilerplate legal allegation, without more to substantiate it, is insufficient to satisfy the coverage element under the FLSA. *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-cv-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021) (finding similar boilerplate allegation failed to demonstrate FLSA coverage on motion for default judgment), *report and recommendation adopted*, 2021 WL 1893968, at *1 (May 11, 2021); *see also De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08CV2033ORL22KRS, 2009 WL 4349806, at *2 (M.D. Fla. Nov. 24, 2009) ("District courts cannot presume for enterprise coverage either that the employer was involved in interstate commerce or that the employer grosses over $500,000 annually." citing *Sandoval v. Fla. Paradise Lawn Maint., Inc.,* 303 Fed. App'x. 802, 805 (11th Cir. 2008)) (unpublished). Hence, Plaintiff has not demonstrated entitlement to entry of default on Count I.

Because the FLSA claim is the only claim over which the Court has original jurisdiction and because Plaintiff has failed to establish that claim, Plaintiff must amend his Complaint, if he has a factual basis to do so. *See* 28 U.S.C. § 1367(c)(3) (stating the court may decline to exercise supplemental jurisdiction where all claims over which it had original jurisdiction have been dismissed).

## IV. CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 34) is **DENIED WITHOUT PREJUDICE**. Plaintiff may amend his Complaint **on or before September 17, 2024**, if Plaintiff has a good faith basis to do so. Failure to do so may result in the dismissal of this action without further notice.

**DONE** and **ORDERED** in Orlando, Florida on September 3, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE