## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Luz Omar Medina Vega,                                    Case No. 23-CV-940

      Plaintiff,

          v.

PBS Construction LLC and Bogdan S. Prindii,


      Defendants.

_____

### Notice of Filing

**To:**   PBS Construction LLC
      c/o RA Bogdan S. Prindii
      *Defendant*
      915 N. Franklin Street
      2010
      Tampa, Florida 33602

      Bodgan S. Prindii
      *Defendant*
      915 N. Franklin Street
      2010
      Tampa, Florida 33602

     **PLEASE TAKE NOTICE** that on March 18, 2025, I caused to be filed **Plaintiff's Motion for Default Judgment**, copies of which are hereby served upon you.

                         s/Daniel I. Schlade
                         Attorney For Plaintiffs
                         Daniel I. Schlade (1034991)

Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646 T: 773-550-3775
E: dschlade@justicialaboral.com

### Certificate of Service

I, Daniel I. Schlade, an attorney, certify that I caused this **Notice and Plaintiff's Motion for Default Judgment** to be filed with the Clerk of the Court on March 18, 2025, and I certify that I served this notice and documents by mailing copies to the attorneys/parties of record at their listed addresses below, and depositing the same in the U.S. Mail in Chicago on March 18, 2025, with proper postage prepaid and by email to:

PBS Construction LLC
c/o RA Bogdan S. Prindii
*Defendant*
915 N. Franklin Street
2010
Tampa, Florida 33602

Bodgan S. Prindii
*Defendant*
915 N. Franklin Street
2010
Tampa, Florida 33602

s/Daniel I. Schlade
Attorney For Plaintiff
Daniel I. Schlade (1034991)
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646 T: 773-550-3775
E: dschlade@justicialaboral.com

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

Luz Omar Medina Vega,                                    Case No. 23-CV-940

    Plaintiff,

        v.

PBS Construction LLC and Bogdan S. Prindii,

    Defendants.

---

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 55**

**Plaintiff** Luz Omar Medina Vega ("Plaintiff"), by their attorneys Daniel I. Schlade and Justicia Laboral LLC, submits this Motion For Default Judgment Pursuant to Federal Rule of Civil Pro. 55, and states:

1.      This is a cause of action whereby Plaintiff seeks redress for unpaid overtime wages under the Fair Labor Standards Act (29 USC § 201, et. seq.). *See* Dockets No. 1 and 36.

2.      On November 6, 2024, Defendants PBS Construction LLC and Bogdan S Prindii (collectively "Defendants") were served the Amended Complaint (Docket No. 35) via substitute service with the Florida Secretary of State pursuant to Florida Statutes Chapter 48.181. *See* Docket No. 42.

3.      On December 10, 2024, Plaintiff moved for default.  *See* Docket. 43.   On March 3, 2025, the Court entered default against Defendants. *See* Docket 45.

4.      Accordingly, Plaintiff now moves for a default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55; in support, Plaintiff tenders supporting documents and Memorandum of Law.

5.      Plaintiff Luz Omar Medina Vega is asking that a default judgment be entered in his favor in the amount of $24,150.00, representing FLSA unpaid overtime wages, liquidated damages violations. See Luz Omar Medina Vega's Affidavit of Prove- Up, attached as Exhibit 1.

6.      Additionally, Plaintiff requests an award of reasonable attorney's fees and costs of suit in the amount of $4,023.00, pursuant to 29 USC § 216(b) of the Fair Labor Standards Act.   In support thereof, attached hereto as Exhibit 2 is the Petition for Attorney's Fees and Costs.

7.      Further, in support of this Motion, Plaintiff attaches: (i) a Certificate of Default, attesting to the fact that Defendants have not entered an appearance in this case (See Exhibit 3); and (ii) An Affidavit as to Military Service establishing that the individual Defendant is not on current active duty with the US Armed Forces (See Exhibit 4).

**WHEREFORE**, Plaintiff respectfully requests that this Motion be granted, and that the Court enter a default judgment in the amount of **$28,173.00** against

Defendants PBS Construction LLC and Bogdan S Prindii, jointly and severally, and that the Court enter any other relief deemed just or necessary.

## Local Rule 3.01(g) Certification

Daniel I. Schlade, counsel for Plaintiff, certifies that he was unable to confer with the opposing party Defendants regarding this Motion because Defendants have not appeared in this Proceeding after being served with process.

**s/Daniel I. Schlade**
Counsel For Plaintiffs
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
dschlade@justicialaboral.com

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Luz Omar Medina Vega, | Case No. 23-CV-940 |
| Plaintiff, | |
| v. | |
| PBS Construction LLC and Bogdan S. Prindii, | |
| Defendants. | |

### PLAINTIFF'S MEMORANDUM OF LAW
### IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

**Plaintiff** Luz Omar Medina Vega ("Plaintiff"), by their attorneys Daniel I. Schlade and Justicia Laboral LLC, and pursuant to Fed. R. Civ. P. 55(b)(2), hereby move this Court for the entry of Default Judgment for Plaintiff and against Defendants PBS Construction LLC and Bogdan S. Prindii (collectively "Defendants"), and in support thereof, states as follows:

### STATEMENT OF FACTS

The above captioned case was filed on May 29, 2023, as amended on September 16, 2024, and it alleges claims for unpaid overtime under the Fair Labor Standards Act, 29 USC s 203, et. seq. ("FLSA"). *See* Dockets No. 1 and 36. Defendants PBS Construction LLC and Bogdan S. Prindii was served with

process on November 6, 2024. *See* Docket No. 42. On March 3, 2025, the Court entered default against Defendants. *See* Docket 45. Accordingly, Plaintiff is entitled to the entry of Default Judgment against Defendants, and Plaintiff respectfully requests that the Court enter the same.

## **DISCUSSION**

"A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2)." *Vasquez v. Moving Dudes LLC*, 19-CV-60663, 2020 WL 419385, at *2 (S.D. Fla. Jan. 27, 2020) (*citing DirecTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003)). "[D]efault judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings." *Schwartz v. Four Residential, Inc.*, 16-CV-80423, 2016 WL 10952399, at *1 (S.D. Fla. Dec. 14, 2016); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007).

A default "acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint." *Murray v. Integra Prop. Services, LLC*, 16-CV-61532, 2016 WL 10932515, at *1 (S.D. Fla. Dec. 29, 2016) (citing *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A

defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief")). In other words, for a default judgment to stand, a plaintiff's complaint must properly state a claim. Id.; see also *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Id. (quoting Tyco Fire & Security, LLC v. Alcocer, 218 Fed.Appx. 860, 863 (11th Cir. 2007).

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Schwartz*, 2016 WL 10952399, at *2 (*citing Secretary of Labor v. Labbe*, 319 Fed. App'x 761, 763 (11th Cir. 2008)). To establish a claim for unpaid wages under the FLSA, a plaintiff must show that: (i) an employment relationship existed between the plaintiff and defendant; (ii) the parties are covered by the FLSA; and (iii) some work was performed for which the plaintiff was not properly compensated, providing the amount of such liability at least by a just and reasonable inference. *Michaud v. US Steakhouse Bar and Grill, Inc.*, No. 6:04-cv-1371,

2007 WL 2572197, *3-4 (M.D. Fla. Sept. 5, 2007). An employer who violates the FLSA is liable to the employee affected in the amount of his unpaid wages "and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The FLSA additionally authorizes an award of attorney's fees to the prevailing plaintiff in a proceeding to enforce its wage provisions. Id.

I.   **PLAINTIFF WAS AN EMPLOYEE OF DEFENDANTS AND SERVICE OF PROCESS WAS PROPER**

As was stated in the Complaint, Plaintiff Luz Omar Medina Vega began working for Defendants in or before March 2021 through December 22, 2021. At all times, Plaintiff held the same position at Defendants, he was general construction worker.  *See* Affidavit of Prove-up, attached as Exhibit 1.  Plaintiff was an "employee" of Defendant as that term is used in Section 203 of the FLSA because he was employed by Defendant to perform general construction duties. *Id.*  Plaintiff's job duties do not fall into any of the exceptions or exemptions for workers under the FLSA.  *Id.; See also* Docket 1.

In terms of service, on or about November 6, 2024, Defendants PBS Construction LLC and Bogdan S Prindii were served the Amended Complaint (Docket No. 35) via substitute service with the Florida Secretary of State pursuant to Florida Statutes Chapter 48.181. *See* Docket No. 42. Accordingly, Defendants in this case were properly served.

II.   **DEFENDANTS ARE EMPLOYERS COVERED BY AND SUBJECT TO THE FLSA**

    A.    **Plaintiff has Established FLSA Enterprise Coverage**

To establish a claim for unpaid minimum wages and/or unpaid overtime wages under the FLSA, a plaintiff must establish that one of two types of coverage exists: (i) "enterprise coverage," which applies to the defendant employer; or (ii) "individual coverage," which applies to the plaintiff employee. *See* 29 U.S.C §§ 203(s)(1)(A), 206(a), and 207(a); *See also Thorne v. All Restoration Servs.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006). For enterprise coverage to apply under the FLSA, the employer must have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." *See 29 U.S.C. § 203(s)(1)(A)(ii)*. Furthermore, the employer must have annual gross volume of sales made or business done in excess of $500,000.00 during the plaintiff's employment. *Id.* Here, Plaintiff has alleged that at all times material to the Complaint, that Defendants have "more than three employees." *See* Docket 36, at Par. 6(i)(b). Moreover, Plaintiff has contended that Defendants have "annual gross volume of sales made or business done of at least $500,000; and because "they are engaged in interstate commerce or in the production of goods for interstate commerce" *Id* at Par. 6(i).

At this stage, these allegations are sufficient to establish both prongs of enterprise liability. "A default admits all well-pleaded allegations of a complaint, which may include a plaintiff's entitlement to liquidated damages." *See Mahmoud v. Int'l Islamic Trading (IIT), Ltd.*, 572 So.2d 979 (Fla. 1st DCA 1990). Therefore, Plaintiff can maintain an FLSA claim as to Defendants PBS Construction LLC and Bogdan S Prindii.

### B.   Defendants are Plaintiff's Employer Under the FLSA

The FLSA defines "employer" as "includ[ing] any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Eleventh Circuit has held that "the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (*citing Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)). Therefore, "a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Id.* at 637-38 (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "'Operational control means management of day-to-day business functions such as employee compensation, 'direct responsibility for the

supervision' of employees, or general operations.'" *Torres v. Rock & River Food Inc.*, 244 F. Supp. 3d 1320, 1332 (S.D. Fla. 2016) (quoting *Baltzley v. Berkley Grp., Inc.*, 2010 WL 3505104, at *2 (S.D. Fla. Sept. 3, 2010)).

In the instant case, Plaintiff has established that Defendant Bogdan S Prindii: (i) "is the owner and manager of PBS Construction LLC"; (ii) "they were Plaintiff's head "boss" PBS Construction LLC"; (iii) "they had the power to hire and fire the employees, including Plaintiff"; (iv) "they supervised and controlled Plaintiff's work schedules and conditions of employment"; (v) "they determined the rate and method of payment for employees; and (vi) they maintained employment records". See Docket 36, at ¶¶4 and 11); *See also* Exhibit 1. Therefore, Plaintiff is entitled to judgment against Defendants PBS Construction LLC and Bogdan S Prindii as employers under the FLSA.

## III.   DEFENDANTS DID NOT PAY PLAINTIFF OVERTIME WAGES AS REQUIRED BY THE FLSA

Plaintiff alleges that they were employed by Defendants from on or about March 2021 through December 22, 2021, as a non-exempt employee covered under the FLSA. (Docket No. 1 and 36); *See also* Exhibit 1. As Defendants have failed to participate in this case, it is proper for the Court to determine FLSA damages based upon Exhibit A- Plaintiff's Sworn Affidavit for Prove- Up. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Brown v. Everest Moving & Storage, Inc.*, No.

12-62530-CIV, 2013 WL 12126001, at \*2 (S.D. Fla. Aug. 20, 2013); *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 266 (11th Cir. 1985) (noting employer's burden to produce time records after employee has established she has not been paid the required wages).

## A. Overtime Wages Damages

Plaintiff Luz Omar Medina Vega alleges that during his employment, he regularly worked 65 hours per workweek. *See* Docket 36 at ¶ 30. Based on the evidence which Plaintiff has in his possession, the same reflects that from March 2021 through December 22, 2021,  Plaintiff was compensated at his regular rate of $23.00 per hour for all hours worked. *See* Luz Omar Medina Vega's Affidavit of Prove-Up, Exhibit 1. Based upon a 65-hour workweek at $23.00 per hour, Plaintiff estimates that, at a minimum, he is owed $12,075.00 in unpaid overtime wages. *Id.*

"When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount shall enter judgment for that amount[.]" *Rich v. Spivey*, 922 So. 2d 326, 327 (Fla. 1st DCA 2006). Therefore, default judgment should be entered for Plaintiff and against Defendants in the amount of $12,075.00 in unpaid overtime wages.

## B. Liquidated Damages

If a Plaintiff establishes an FLSA violation, then the district court must award liquidated damages unless the employer proves "that its violation was 'both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon him more than a compensatory verdict.'" *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987) (quoting *Reeves v. Int'lTel. & Tel. Corp.*, 616 F.2d 1342, 1352-53 (5th Cir. 1980), cert. 7 denied, 449 U.S. 1077 (1981)); see also 29 U.S.C. § 260. In other words, an employer who seeks to avoid liquidated damages as a result of violating the FLSA bears the burden of proving that its violation was both in good faith and predicated upon reasonable grounds. See *Joiner*, 814 F. 2d at 1537.

Here, since Defendants have not answered or otherwise responded to the Complaint, Defendants have not shown that liquidated damages are inappropriate. See 29 U.S.C. § 260. Accordingly, Plaintiff should be awarded liquidated damages in the amount of $12,075.00, which equates to the entitled amount of unpaid overtime shown above.

### C.   Entitlement to Attorneys' Fees and Costs

The FLSA provides for the award of reasonable attorneys' fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). This includes parties who prevail on default judgment against a defendant employer. *Simon v. Leaderscape LLC*, 565 F. Supp. 2d 1332, 1334 (S.D. Fla. 2008). Plaintiff has incurred attorney's fees and costs

in the amount of $4,023.00. *See* Affidavit of Attorney's Fees, attached as Exhibit 2. Accordingly, Plaintiff requests that the Court grant the amount of fees and costs to which Plaintiff is entitled.

   **WHEREFORE**, Plaintiff respectfully requests that this Court enters Default Judgment against Defendants as to liability and award damages in the amount of $24,150.00, and the amount of $4,023.00 in attorney's fees and costs, for a total of **$28,173.00** against Defendants PBS Construction LLC and Bogdan S Prindii, jointly and severally.

Respectfully submitted.

s/Daniel I. Schlade
Attorney For Plaintiff
Daniel I. Schlade (1034991)
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-550-3775
E: dschlade@justicialaboral.com